IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,        Plaintiff,v.LOUIS R. ROSS andDONALD E. SCHNIERS,        Defendants. | Case No. 3:22-CR-30059-NJR |

## ORDER GOVERNING DISCOVERY

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is the Government's motion for entry of an order governing discovery as to Defendants Louis R. Ross and Donald E. Schniers (Doc. 26). The Government seeks the entry of a protective order pursuant to Federal Rule of Criminal Procedure 16(d) and relief from its redaction obligations under 5 U.S.C. § 552a(b), which prohibits the disclosure of certain records and personal identifying information ("PII") unless an exception applies or pursuant to a court order. The Government represents that the materials to be disclosed to defense counsel in this matter are voluminous and contain significant PII and other confidential information, the redaction of which would be "impracticable" and cause a significant delay in producing the discovery materials to defense counsel, possibly affecting Defendants' Speedy Trial rights. Counsel for both Defendants do not object to the Government's request.

Upon consideration of the Government's Motion for Order Governing Discovery, the Court **FINDS:**

1. The discovery materials to be provided to Defendants by the Government are voluminous.

2. The discovery materials contain a substantial amount of PII.

3. Because of the volume of discovery materials to be produced, it is impracticable for the Government to redact all PII before disclosing these materials to the defense. Such a process would be very time consuming, thus delaying production of discovery materials and potentially delaying the trial.

4. The discovery materials also contain a substantial amount of confidential business information belonging to the victim in this case, Aldi, Inc. ("Aldi").

5. Because of the volume of discovery materials to be produced, it is impracticable for the Government or Aldi to review each document for confidential business information before disclosing these materials to the defense. Such a process would be very time consuming, thus delaying production of discovery materials and potentially delaying the trial.

6. In addition, the Government wishes to provide disclosure of "Jencks" material to the defense earlier than the deadline established by 18 U.S.C. § 3500. Included in the Jencks material are affidavits submitted to this Court in support of the seizure warrant applications in the following matters: 22-MJ-8025-GCS and 22-MJ-8064-GCS. Those applications and affidavits are currently under seal. These materials reveal the identities of certain witnesses of the alleged crimes.

In light of these findings, it is therefore **ORDERED**:

1. Pursuant to 5 U.S.C. § 552a(b)(11), the Government is permitted to disclose discovery materials to defense counsel which contain PII.

2. Pursuant to Federal Rule of Criminal Procedure 16(d)(1), the Court places the following restrictions on the use and dissemination of materials containing PII:

   a. Defense counsel are prohibited from publicly disclosing any materials which contain PII; and

   b. Defense counsel are further prohibited from providing copies of any materials containing PII to their clients.

   This Order does not prohibit defense counsel from reviewing materials containing PII with their clients, provided that copies of these materials are not provided to Defendants. This Order also does not prohibit disclosure of materials containing PII to retained expert witnesses, so long as those expert witnesses are informed of the existence of this Order and acknowledge that they are bound by its terms.

3. Pursuant to Federal Rule of Criminal Procedure 16(d)(1), the Court places the following restrictions on the use and dissemination of materials marked "Confidential": defense counsel and Defendants are prohibited from revealing, discussing, or disclosing in any manner or in any form any documents marked "Confidential" to any person, entity, or judicial tribunal other than:

   a. Any expert or consultant retained by the parties or their counsel for the purpose of this criminal case and his or her staff;

   b. The Court and any of its staff and personnel;

    c. Any attorney representing a defendant or the Government in this criminal case and the employees and support staff of such attorneys; and

    d. Any other person who is designated by written stipulation of the Government or by Order of the Court.

4. The orders previously entered by this Court sealing the applications and supporting affidavits in the following search and seizure warrant matters are partially unsealed, for the limited purpose of permitting the Government to disclose these materials to defense counsel: 22-MJ-8025-GCS and 22-MJ-8064-GCS. With this limited exception, the orders sealing those matters shall remain in effect. Defense counsel are prohibited from disclosing the seizure warrant applications and supporting affidavits publicly and are prohibited from providing copies of these materials to their clients.

**IT IS SO ORDERED.**

DATED:   July 13, 2022

*[Signature]*

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**